IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-CT-3032-BO

| | |
|---|---|
| SAMUEL UCLES,<br>        Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>        Defendant. | **ORDER** |

Samuel Ucles ("plaintiff"), a federal inmate, has filed this action pursuant to the Federal Tort Claims Act ("FTCA"). 28 U.S.C. § 2671, et seq.[1] Plaintiff seeks a judgment in his favor against defendant for an injury occurring while on prisoner work detail in food service and errors and delays in the administration of medical treatment. Defendant moves to dismiss the action based on lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Plaintiff was given notice of the motion (D.E. 19), but did not respond to it. In this posture the matter is ripe for determination.

Plaintiff alleges that while working for food services he lifted a trash bin at the Federal Correctional Institution ("FCI Butner") in Butner, North Carolina, which was to heavy. (Compl. and D.E. 4, Question 3) He contends that because the trash bin was too heavy for a single individual to lift "his arm was snapped at the bicep middle, causing serious damage to his primary arm, resulting in severe weakness and potential loss of work in future." (Compl.) He states that it also took nine days to be taken to the local medical center. (Compl.) Since the

---

[1] This court entered an order on May 7, 2012, characterizing this matter as one solely brought pursuant to the FTCA (D.E. 9). This conclusion was made due to the attachments within the complaint referring to Ucles' pursuit of an administrative tort claim for personal injury and medical negligence, and his right to file suit in this court under the FTCA. The court also noted naming of the United States of America as the only defendant which is the only proper defendant in a FTCA action. 28 U.S.C. §§ 1346(b), 2674, 2679.

filing of this suit, plaintiff has been released from incarceration and did not respond to the motion to dismiss.

Plaintiff contends this action arises under the Federal Tort Claim Act. Defendant claims the Inmate Accident Compensation Act (hereinafter "IAC"), 18 U.S.C. § 4126, is the exclusive remedy against the United States for federal inmate's work-related injuries and this is a work-related injury. United States v. Demko, 385 U.S. 149, 152-153 (1966).

Under 18 U.S.C. § 4126, the IAC workers compensation system is the exclusive means of compensation for injuries suffered by inmates "in any industry or in any work activity in connection with the maintenance or operation of the institution in which the inmates are confined." 18 U.S.C. § 4126(c)(4). "Work-related injury" is defined as "any injury . . . proximately caused by the actual performance of the inmate's work assignment." 28 C.F.R. § 301.102(a). Section 301.101 of Title 28 of the Code of Federal Regulations provides that inmate accident compensation may be awarded to inmates for injuries "sustained while performing work assignments in Federal Prison Industries, Inc., in institutional work assignments involving the operation or maintenance of a federal correctional facility, or in approved work assignments for other federal entities." 28 C.F.R. § 301.101(a). Section 301.301 also states compensation "ordinarily includes only those injuries suffered during the performance of an inmate's regular work assignment" and "compensation shall not be paid for injuries suffered away from the work location (e.g., while the claimant is going to or leaving work, or going to or coming from lunch outside of the work station or area)." 28 C.F.R. §301.301(b) and (c). The applicable regulations also state that inmates who are subject to the IAC are barred from recovery under the FTCA, as the IAC is their sole chance to recover damages of any kind from negligent work-related injuries.

2

28 C.F.R. § 301.319; Demko, 385 U.S. at 152-53; Smith v. United States, 561 F.3d 1090, 1098-1103 (10th Cir. 2009) (FTCA is precluded by IAC; however, the Tenth Circuit does state that a Bivens claim would not be barred).

Additionally, any negligence or medical malpractice occurring subsequent to the work-related injury falls exclusively within the purview of the IAC. Smith, 561 F.3d at 1098; Wooten v. United States, 825 F.2d 1039, 1044 (6th Cir. 1987) (holding that section 4126 is exclusive remedy for work-related injuries that are aggravated by subsequent negligence or malpractice, that stem from a negligent job assignment, and/or that aggravate a preexisting injury); Aston v. United States, 625 F.2d 1210, 1211 (5th Cir. 1980) (finding that section 4126 is exclusive remedy where prisoner alleged work-related injuries suffered while performing job, and "the cause of the injury is irrelevant so long as the injury itself occurred while the prisoner was on the job"); Thompson v. United States, 495 F.2d 192, 193 (5th Cir. 1974)(finding that section 4126 is exclusive remedy where prisoner's work-related back injury allegedly was aggravated by negligence and malpractice).

In this action, plaintiff seeks recovery for injuries which resulted from an accident incurred at work while he was incarcerated at Butner. Furthermore, in as much as Ucles seeks recovery from allegations of negligence[2] by doctors, medical and correctional staff which further aggravated the work-related injury. Plaintiff is barred from litigating the matter under the FTCA.

Accordingly, the motion to dismiss is ALLOWED (D.E. 17). All other pending motions (D.E. 7) are DENIED as MOOT. The Clerk is DIRECTED to CLOSE the case.

---

[2] As stated in Footnote 1, this court has not considered any Bivens action as related to these allegations, and this ruling by itself would not preclude a filing of such an action in the future. Furthermore, plaintiff was aware that the court construed the action as one only under the FTCA and did not object, nor did he respond to the motion to dismiss based on the same construction by defendant.

SO ORDERED. This the 15 day of November 2012.

                                        TERRENCE W. BOYLE
                                        United States District Judge